<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEROY E. BIBBS, | |
| Plaintiff, | Civil Action No. 09-3769 (SRC) |
| v. | |
| | **OPINION** |
| TOWNSHIP OF KEARNEY et al., | |
| Defendants. | |

<u>**CHESLER**</u>, **U.S.D.J.**

This matter comes before the Court on the motion for summary judgment by Defendants Township of Kearney and Joseph Lauer (collectively, "Defendants.") For the reasons stated below, the motion will be granted in part and denied in part.

**BACKGROUND**

This case arises from an employment dispute. The following facts are undisputed. Since 1998, Plaintiff has been employed by the Township of Kearney (the "Township") as a police officer. Joseph Lauer ("Lauer") has been employed by the Township at the Police Department and supervised Plaintiff until May of 2006.

On July 29, 2009, Plaintiff filed a Complaint asserting three counts: 1) race discrimination, in violation of 42 U.S.C. § 1981; 2) retaliation, in violation of 42 U.S.C. § 1983; and 3) hostile work environment, in violation of New Jersey's Law Against Discrimination ("NJLAD.") Defendants have moved for summary judgment on the Complaint.

ANALYSIS

I.   Relevant legal standard

    A.   Motions for summary judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## II.     Defendants' motion for summary judgment

### A.     Second Count: violation of § 1983, against Lauer

Defendants first move for summary judgment on the Second Count of the Complaint, contending that the evidence cannot support a retaliation claim against Defendant Lauer. Specifically, Defendants argue that the sole act of retaliation that Plaintiff has alleged – the referral for investigation of the CJIS incident – is insufficient, as a matter of law, to support a

retaliation claim. In opposition, Plaintiff states: "Retaliation can be inferred based upon Lauer's approval to obtain Bibbs' nephew's drivers license, providing him the document and then reporting him." (Pl.'s Opp. Br. 28.) There is no dispute here about the facts. The sole question before the Court is whether these facts are insufficient to support a retaliation claim as a matter of law.

There are three elements to a § 1983 claim for retaliation for the exercise of First Amendment rights: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006). Plaintiff has alleged that he filed complaints for race discrimination in December of 2006 and January of 2007, and that Lauer's referral of Plaintiff for investigation in March of 2008 was an actionable act of retaliation.

Defendants argue that Lauer's act of referring Plaintiff for investigation cannot, as a matter of law, constitute a retaliatory action sufficient to support a claim under § 1983. This Court agrees. The parties do not dispute two key facts: 1) the investigation concluded that Plaintiff's use of the CJIS system violated Department policy; and 2) the investigation resulted in no formal discipline for Plaintiff. In assessing whether an action is sufficient to support a claim for retaliation in relation to First Amendment rights, the key question is whether the "alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000).

Each of the undisputed facts just noted precludes concluding that the alleged act of retaliation is sufficient to support the Second Count. First, an investigation that results in a

4

conclusion that Departmental policy has been violated cannot be sufficient to deter a person of ordinary firmness from exercising his First Amendment rights. If a referral for such an investigation could be found to be retaliatory, it would render effective discipline impossible.[1] Absent extraordinary circumstances, the fact that the investigation found a policy violation – especially in light of the fact, as here, that Plaintiff does not deny that he violated the policy at issue – means that referral for that investigation cannot be sufficient to constitute retaliation. Second, an investigation that results in no formal discipline cannot be sufficient to support a charge of retaliation, since it cannot be concluded that a decision of no formal discipline is sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.

The same outcome is reached via application of a different legal principle: "the defendant may defeat the plaintiff's case by showing that it would have taken the same action even in the absence of the protected conduct." Ambrose v. Twp. of Robinson, 303 F.3d 488, 493 (3d Cir. 2002). Defendant has shown – and Plaintiff has not argued to the contrary – that Plaintiff's use of the CJIS system would have been investigated even in the absence of the protected conduct. Defendants have thus defeated Plaintiff's retaliation case.

Moreover, Defendants argue that the motion for summary judgment should be granted because there is no evidence to support the third element of the cause of action, the causal link between the protected conduct and the retaliatory action. "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism

---

[1] Furthermore, on its face, it is entirely appropriate to investigate unauthorized access to a law enforcement database. Indeed, there is good reason to believe that a superior officer who did not recommend such an investigation would be derelict in his duties.

coupled with timing to establish a causal link." Lauren W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). Defendants note that the protected conduct and the retaliatory action are separated in time by more than a year, and so there is no evidence of an unusually suggestive temporal proximity. Even granting that there was a pattern of antagonism between Plaintiff and Lauer, this pattern, coupled with the timing of a delay of over one year, is insufficient to establish a causal link.[2] No reasonable jury could hear these facts and find a causal link.

This Court concludes that the facts alleged are insufficient, as a matter of law, to support a claim for retaliation, in violation of 42 U.S.C. § 1983, against Defendant Lauer. As to the claim against Lauer for retaliation in violation of 42 U.S.C. § 1983, Defendants have shown that they are entitled to judgment as a matter of law, and the motion for summary judgment will be granted.

    B.    Second Count: violation of § 1983, against the Township

Defendants next move for summary judgment on the retaliation claim as against the Township. Defendants contend that, as against the Township, Plaintiff has not alleged sufficient facts to support a claim for municipal liability.

The Supreme Court has established this foundation for § 1983 claims against municipalities:

> [I]n *Monell* and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury. Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly

---

[2] This is particularly true in view of the fact, again undisputed by Plaintiff, that Plaintiff and Lauer did not work together during the period between the protected activity and the alleged retaliatory conduct.

> be said to be those of the municipality. Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law. . .
>
> [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. . .

Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Defendants contend that Plaintiff has failed to allege sufficient facts to support any claim related to the policy or custom of the municipality, in regard to the alleged retaliatory action. Plaintiff's opposition brief contains no opposition to this argument, and this Court infers that Plaintiff has conceded that, as against the Township of Kearney, Defendants have shown that they are entitled to judgment on the Second Count as a matter of law. As to the Second Count against the Township of Kearney, the motion for summary judgment will be granted.

In view of the fact that this Court will grant Defendants' motion for summary judgment on the Second Count against both the Township and Lauer, it need not reach Defendants' arguments concerning punitive damages on this claim.

    C.    First Count: race discrimination, in violation of § 1981

Defendants argue that, as against the Township, the First Count fails to state a valid claim because § 1981 claims are not cognizable against state actors, pursuant to McGovern v. City of Philadelphia, 554 F.3d 114, 121 (3d Cir. 2009). Plaintiff does not disagree about the impact of McGovern, but proposes a circuitous solution to a straightforward problem: construing the Complaint so as to incorporate the First Count for violation of § 1981 into the Second Count for

violation of § 1983. It is simpler and more straightforward to grant Plaintiff leave to amend the First Count to expressly invoke § 1983 and thereby rescue the claim from invalidity under McGovern. This Court sees no conceivable prejudice to Defendants in allowing Plaintiff to so amend the First Count. As against the Township, the First Count will be dismissed without prejudice, and Plaintiff will be granted leave to amend the First Count in accordance with this Opinion.

As to the First Count against Lauer, Defendants contend that the claim is barred by a two-year statute of limitations. Defendants rely on Napier v. Thirty or More Unidentified Federal Agents, etc., 855 F.2d 1080, 1088 (3d Cir. 1988). Plaintiff's brief does not address this issue. It appears to this Court, however, that the parties have failed to recognize the relevance of the Supreme Court's decision in Jones v. R. R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004), and that Defendants are likely wrong in asserting a two-year statute of limitations for a § 1981 claim. See also Verdin v. Weeks Marine Inc., 124 Fed. Appx. 92, 96 (3d Cir. 2005) (citing Donnelly in support of a four-year statute of limitations for a § 1981 claim.) As to the First Count against Lauer, Defendants have failed to persuade this Court that they are entitled to judgment as a matter of law, and the motion for summary judgment will be denied.

This Court anticipates that Plaintiff will file an Amended Complaint with an amended First Count, and that Defendants will file a renewed motion for summary judgment on that claim. In briefing that motion, the parties should, *inter alia*, address two issues: 1) the impact of Donnelly on the statute of limitations for the § 1981 claim against Lauer; and 2) the appropriate statute of limitations for a claim under § 1983 for violation of rights guaranteed by § 1981.

      D.      Third Count: hostile work environment

As to the Third Count against Lauer, Defendants contend that the claim is barred by a two-year statute of limitations. In opposition, Plaintiff does not dispute that a two-year statute generally applies to actions under the NJLAD, but contends that the Third Count relies on a continuing violations exception to the statute of limitations.

Plaintiff cites the key relevant New Jersey case on continuing violation hostile work environment claims, Shepherd v. Hunterdon Developmental Ctr., 174 N.J. 1, 19 (2002). The problem for Plaintiff is that, applying Shepherd to the instant case, Plaintiff has no continuing violation claim. In that case, the New Jersey Supreme Court followed the United States Supreme Court and distinguished acts that were discrete discriminatory acts from those that form the basis for hostile work environment claims. Id. The New Jersey Supreme Court quoted approvingly this language from AMTRAK v. Morgan, 536 U.S. 101, 114 (2002): "Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct. The 'unlawful employment practice' therefore cannot be said to occur on any particular day." Thus, following Morgan, a plaintiff "can only file a charge to cover discrete acts that occurred within the appropriate time period." Morgan, 536 U.S. at 114. It is thus clear from Shepherd that discrete acts occurring within the limitations period do not serve to bring a history of hostile environment allegations into a limitation period.

As noted, Plaintiff does not dispute that a two-year limitations period applies to claims brought under the NJLAD. Because the Complaint was filed on July 29, 2009, the two-year period began to run on July 29, 2007. The only act by a Defendant alleged in the Complaint that falls within this period is the March, 2008 referral of Plaintiff for investigation in connection

9

with the CJIS incident.[3] This, however, is clearly a discrete act, a unique and particular event that occurred on a particular day. As a discrete act, it thus cannot serve as the anchor point for a hostile work environment continuing violations theory. Plaintiff has failed to persuade this Court that a continuing violations theory may be used to bring the hostile work environment allegations into the continuing violations exception to the statute of limitations. Plaintiff has made no factual allegations of a hostile work environment that fall within the two-year statute of limitations applicable to claims under the NJLAD. As to the Third Count, Defendants have shown that they are entitled to judgment as a matter of law, and the motion for summary judgment will be granted.

Because this Court will grant the motion for summary judgment as to the Third Count, it need not reach Defendants' arguments regarding aiding and abetting liability against Lauer, nor their arguments regarding punitive damages under the NJLAD. Also, this moots Plaintiff's request for leave to amend the Complaint to correct a typing error in ¶ 5 of the Third Count, changing "Percoco" to "Lauer."

E. Plaintiff's opposition

This Court has addressed all the issues raised by Defendants' motion – yet Plaintiff's first argument in opposition has not been discussed. Plaintiff's primary argument appears to be that material factual issues sufficient to defeat the motion for summary judgment are raised by a

---

[3] Similarly, Plaintiff's opposition brief reviews the hostile work environment allegations, and the only allegation that falls within the limitation period concerns the March, 2008 referral for investigation. (Pl.'s Opp. Br. 21-24.)

document, described as an email dated March 18, 2008[4] (the "March 18 Email.") There are a number of reasons why this argument is insufficient to defeat Defendants' motion for summary judgment.

The first issue is evidentiary. The March 18 Email appears on its face to be an email sent by Atley Tyler to James Sincaglia on March 18, 2008. The email refers to an investigation instigated by a "Complainant," who appears to be Plaintiff. There are numerous problems involving the admissibility of this document.

In his opposition brief, Plaintiff refers to the March 18 Email as "the New Jersey Division of Civil Rights finding of probable cause." (Pl.'s Opp. Br. 3.) Yet the March 18 Email shows no sign of being an official document from the DCR – or from anyplace else, for that matter. Nor has Plaintiff offered anything to connect this document to DCR. Plaintiff has not even explained who Atley Tyler and James Sincaglia are. This Court has no reason to believe that these people have any connection to DCR or to any investigation of Plaintiff. The document is offered based only on the certification of Plaintiff's counsel that it is "a true copy of the letter dated 3/18/2008 from Atley Tyler to Gary Locassio Re: Bibbs v. Kearney." (Klausner Cert. ¶ 13.) Thus, while Plaintiff's brief argues as if this document is a DCR finding, neither the document itself nor the

---

[4] Plaintiff's brief also refers in passing to a document purported to be notes (the "Notes") of New Jersey Division of Civil Rights ("DCR") interviewer Cassandra Jeter. The Notes are a six-page document which bears no signature and no letterhead. There is nothing on the face of the document that identifies what the document is, who authored it, or any of the basics that one would look for when identifying a document. There is nothing on the face of the document nor references Cassandra Jeter or the DCR. Plaintiff does not argue that the Notes are admissible. Moreover, assuming *arguendo* that they constitute a report by a government official under Federal Rule of Evidence 803(8)(B), the Notes still would constitute hearsay within hearsay and would be inadmissible for the truth of the interviewees' statements. United States v. Mackey, 117 F.3d 24, 28 (1st Cir. 1997) ("hearsay statements by third persons . . . are not admissible under this exception merely because they appear within public records.")

Klausner Certification identify this as anything but a letter that one unknown person sent to another unknown person.

> Rule 56(c) states:
>
> (c) Procedures.
>   (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>     (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> . . .
>   (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Thus, pursuant to Rule 56(c)(4), an affidavit used to oppose a motion must be made on personal knowledge. It is not obvious that Plaintiff's counsel, Mr. Klausner, has personal knowledge of a letter that he was neither the author nor the recipient of, nor has Mr. Klausner laid a foundation for the Court to find that he has personal knowledge of this letter. Nor has Plaintiff offered an affidavit from either Atley Tyler or James Sincaglia. Thus, from the get-go, Plaintiff has not given this Court the foundation necessary under Rule 56 to consider this document at all, no less to find it admissible as a DCR finding.

Furthermore, this document appears to contain inadmissible hearsay. Plaintiff argues that it is admissible because it falls within an exception to the hearsay rule as a public record, under Federal Rule of Evidence 803(8):

> Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters

>observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Plaintiff appears to contend that the March 18 Email is a factual finding resulting from an investigation, pursuant to subsection (C). As discussed above, however, Plaintiff has failed to lay a foundation for admitting this document under this subsection. This Court has no basis to find that this document is a public report of a factual finding from an investigation. Based on Plaintiff's counsel's certification, it is no more than a letter from one unknown individual to another. No one has sworn to the Court, based on personal knowledge, that this document is a public record, nor does Plaintiff argue that this is a self-authenticating document, such that extrinsic evidence of authenticity is unnecessary, pursuant to Federal Rule of Evidence 902.

Lastly, Rule 803(8) provides an exception to the exception when the circumstances indicate lack of trustworthiness. That is certainly the case here – the circumstances strongly indicate that this document should not be trusted to be a public record of the factual findings of an investigation. On the present record, this Court would not find it admissible under Rule 803(8). See Goodman v. Pennsylvania Turnpike Comm'n, 293 F.3d 655, 669 n.10 (3d Cir. 2002).

Furthermore, even if this Court found the document to be an admissible public report, it still would fail to raise a material factual issue sufficient to defeat Defendants' motion for summary judgment on any point. The March 18, 2008 Email – even if admitted as an official report of DCR findings – does not support Plaintiff's case. The email states: "The Investigation revealed that Complainant's allegation would not support an incident of differential treatment

based on race." (Klausner Cert. Ex. J at 1.)  This supports Defendants' case, not Plaintiff's.  It is most favorable to Plaintiff's case when it states that the investigation found "a pattern and practice to single out minority officers for unwarranted corrective action/discipline" and "a work environment that is hostile to all minority officers."  (Id. at 1, 2.)  This is not, however, evidence of any particular discriminatory or hostile act toward Plaintiff.  It raises no factual issues regarding Lauer's referral of Plaintiff for investigation.  Nor, even if viewed as evidence of a retaliatory municipal custom, would this be sufficient to raise a material factual issue under Brown.  To repeat:

> [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.

Brown, 520 U.S. at 403.  The document does not present evidence that the municipal custom was the moving force behind a specific claimed injury to Plaintiff.  Nor does the document help Plaintiff with the statute of limitations bar on the Third Count.  Thus, even if this Court found this document to be admissible, it would have no impact on the decision made today to grant in part Defendants' motion for summary judgment.[5]

---

[5] Furthermore, although the parties have not raised this issue, the Court queries whether New Jersey law allows Plaintiff to both pursue a DCR remedy to the findings stage and to initiate a subsequent court action, based on the same grievance, under the NJLAD.  The NJLAD requires an election of remedies, and a party may elect either the DCR remedy or the court remedy, but not both.  See generally Hernandez v. Region Nine Hous. Corp., 146 N.J. 645, 652-654 (1996) ("the LAD requires a complainant to make an election of remedies between either the DCR or the Superior Court. N.J.S.A. 10:5-13. A 'final determination' in either the DCR or the Superior Court precludes the complainant from bringing 'any other action, civil or criminal, based on the same grievance.' N.J.S.A. 10:5-27"); Hennessey v. Winslow Twp., 183 N.J. 593, 601 (2005) ("N.J.S.A. 10:5-13 prevents an unsuccessful plaintiff before the DCR from thereafter relitigating his or her claim in Superior Court.")

**CONCLUSION**

For the reasons stated above, as to the Second and Third Counts of the Complaint, Defendants have shown that they are entitled to judgment as a matter of law, and the motion for summary judgment is granted in part. Judgment is hereby entered in favor of Defendants on the Second and Third Counts of the Complaint. As to the First Count of the Complaint, the motion for summary judgment is denied in part. As to the claim against the Township, the First Count of the Complaint is dismissed without prejudice. Plaintiff is granted leave to amend the Complaint in accordance with this Opinion.

   s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

Dated: February 25, 2011